UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- against -

MELVIN BROWN,
Defendant.

1:18-cr-00339-PAC-3

**OPINION & ORDER**

Melvin Brown is a 36-year-old inmate at Federal Correctional Institution Schuylkill ("FCI Schuylkill"). He moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), alleging that his obesity, high blood pressure, sleep apnea, and heart problems make him more vulnerable to COVID-19 than his peers. Brown argues this health risk constitutes an extraordinary and compelling reason to release him. The Government responds that Brown has not established extraordinary and compelling reasons, and even if he could, the 18 U.S.C. § 3553(a) sentencing factors weigh against releasing him. For the reasons that follow, Brown's motion for compassionate release is **DENIED**.

## BACKGROUND

On August 15, 2019, pursuant to a plea agreement, Brown pled guilty to one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349, and one count of aggravated identity theft, 18 U.S.C. § 1028A. *See* Presentence Investigation Report ("PSR") ¶ 8 (ECF No. 233). The plea agreement stipulated to a sentencing range of 41–51 months' imprisonment on the conspiracy count, while the aggravated identity theft count carried a statutorily-mandated minimum consecutive term of 24 months' imprisonment. *See id.* The effective Guidelines range, then, was 65–75 months' imprisonment. Probation Services recommended a sentence of 65 months.

*Id.* at 22. On January 29, 2020, the Court sentenced Brown to 53 months—below the Guidelines range. *See* Sent'g Tr. 19:9–13 (ECF No. 303); Judgment as to Brown (ECF No. 290).

Brown began his sentence on March 20, 2020. *See* Def.'s Mot. for Compassionate Release ("C.R. Mot.") 2 (ECF No. 358). He has been incarcerated at two facilities. For approximately his first four months of imprisonment, Brown was located at the Metropolitan Correctional Center ("MCC") in Manhattan. *Id.* Then, in July 2020, he was transferred to FCI Schuylkill in Pennsylvania, where he remains today. *Id.* As of November 2021, Brown has served approximately 20 months, which is just over one-third of his sentence.[1]

The Bureau of Prisons ("BOP") has made COVID-19 vaccinations accessible to all inmates.[2] In February 2021, Brown declined to be vaccinated against COVID-19. *See* C.R. Mot. Ex. B (ECF No. 358-2). However, Brown changed his mind and received his first shot in mid-October 2021. *See* Gov't's Suppl. Ltr. 1 (ECF No. 365). Brown is scheduled to get his second shot early this month. *See* Def.'s Suppl. Ltr. 2 (ECF No. 366).

On March 29, 2021, Brown wrote to the Court seeking legal representation in connection with a motion for compassionate release due to COVID-19. *See* Def.'s Letter Mot. (ECF No. 356). He then moved for compassionate release through counsel on August 3, 2021. *See generally* C.R. Mot. The Government opposed the motion on August 17, 2021. *See* Govt's Mem. Opp'n (ECF No. 363). Brown filed a reply on August 24, 2021. *See* Def.'s Reply (ECF No. 364).

---

[1] Since the date Brown filed his motion for compassionate release, the BOP has moved his release date to a halfway house up to December 2022, provided he successfully completes a Residential Drug Abuse Program. *See* Def.'s Suppl. Ltr. 2 (ECF No. 366).

[2] *See* BOP, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed Nov. 9, 2021).

**DISCUSSION**

## I. Applicable Law

Once imposed, a district court must leave a term of imprisonment undisturbed, subject to a few limited exceptions. *See* 18 U.S.C. § 3582(c); *United States v. Maldonado*, No. 16-CR-285 (CM), 2021 WL 639069, at *1 (S.D.N.Y. Feb. 17, 2021). The relevant exception here is found at § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Section 603(b), Pub. L. No. 115–391, 132 Stat. 5194. This exception, known as the "Compassionate Release" provision, allows a defendant to petition the district court for a sentence reduction after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the defendant has satisfied this administrative exhaustion requirement, the district court may grant a sentence reduction if it determines (1) the defendant has met his burden of establishing that "extraordinary and compelling reasons warrant such a reduction," and (2) a sentence reduction would be consistent with § 3553(a)'s applicable sentencing factors. *Id.*; *United States v. McKay*, No. 1:18-CR-339-PAC-7, 2021 WL 807108, at *2 (S.D.N.Y. Mar. 3, 2021). A district court's ability to reduce sentences was previously constrained by applicable Sentencing Commission policy statements, including Guidelines § 1B1.13. *See United States v. Marriott*, No. 1:18-CR-339-PAC-12, 2020 WL 4883805, at *2–3 (S.D.N.Y. Aug. 19, 2020). However, following the Second Circuit's decision in *United States v. Brooker*, the district court may now "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." 976 F.3d 228, 237 (2d

Cir. 2020). The only statutory constraint is that the Court shall not consider rehabilitation alone as an extraordinary and compelling reason to reduce the sentence. *Id.* at 237–38.

## II. Application

### A. Exhaustion

Brown has satisfied § 3582(c)(1)(A)'s exhaustion requirement. He requested compassionate release from the warden at FCI Schuylkill on October 27, 2020. *See* C.R. Mot. Ex. A (ECF No. 358-1). His request was denied on November 17, 2020. *See id.* Brown then appealed the decision and his appeal was likewise denied on December 8, 2020. *See id.* Thus, Brown has exhausted his administrative remedies and the Court may consider his motion.

### B. Extraordinary and Compelling Circumstances

Brown's motion fails on the statute's second requirement, however. Given his vaccination against COVID-19 and the unexceptional conditions at FCI Schuylkill, Brown's health does not establish an extraordinary and compelling reason to reduce his sentence.

Brown argues he has four health conditions which heighten his risk of severe illness or death from COVID-19 while incarcerated: high blood pressure, sleep apnea, prior heart problems, and obesity. *See* C.R. Mot. at 6–7. High blood pressure is a recognized risk factor for COVID-19.[3] And while the CDC does not appear to have listed sleep apnea as a risk factor, other credible medical sources have identified it as such.[4] Yet Brown's most recent medical

---

[3] *See* Ctrs. for Disease Control, ("CDC"), *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Nov. 9, 2021).

[4] *See* Mayo Clinic, *Obstructive Sleep Apnea*, https://www.mayoclinic.org/diseases-conditions/obstructive-sleep-apnea/symptoms-causes/syc-20352090 (last accessed Nov. 9, 2021); Brian E. Cade et al., *Sleep Apnea and COVID-19 Mortality and Hospitalization*, AM. J. RESPIRATORY & CRITICAL CARE MED., https://www.atsjournals.org/doi/10.1164/rccm.202006-2252LE (last accessed Nov. 9, 2021).

records from October 2020 make no mention of either condition—his blood pressure is stated as "normal"—and he has presented no evidence to the contrary. C.R. Mot. Ex. C. (filed under seal). Brown also notes his prior heart problem that caused him to undergo surgery when he was a child. *See* PSR ¶ 86. But Brown does not tie this condition to a heightened COVID-19 risk. Moreover, his heart surgery occurred over three decades ago and he has "fully recovered" from the condition. *Id.* In sum, the Court finds that Brown's high blood pressure, sleep apnea, and heart history do not weigh in favor of compassionate release, especially given he is 36 years old—outside the age groups at the greatest risk of severe complications from COVID-19.[5]

Brown has, however, provided evidence of his obesity. The CDC defines obesity as having a body mass index ("BMI") of 30 or greater.[6] Based on his most recent medical records, Brown has an estimated BMI of 32.9, qualifying him as obese. *See* C.R. Mot. at 6 (citing Ex. C.). Obesity is an acknowledged risk factor when it comes to COVID-19.[7] Especially in combination with other health conditions, courts during the pandemic have found obesity can create an extraordinary and compelling circumstance for release. *See United States v. Quinones*, No. 00-CR-761-1 (JSR), 2021 WL 797835, at *2 (S.D.N.Y. Feb. 27, 2021); *United States v. Epskamp*, No. 12-CR-120 (RJS), 2021 WL 326971, at *2 (S.D.N.Y. Feb. 1, 2021).

Yet the battle against the pandemic has evolved; the mass-release of vaccinations in the past months have dulled the threat of severe complications or death from COVID-19 and its variants. *See United States v. Kosic*, No. 18-CR-30 (PAC), 2021 WL 1026498, at *2 (S.D.N.Y.

---

[5] *See* CDC, *Older Adults*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (updated Aug. 2, 2021); *see also McKay*, 2021 WL 807108 at *3 (lower risk for 38-year-old defendant); *United States v. Hart*, No. 17-CR-248 (VSB), 2020 WL 1989299, at *5 (S.D.N.Y. Apr. 27, 2020) (lower risk for 39-year-old defendant).

[6] *See* CDC, *People with Certain Medical Conditions*, *supra.*

[7] *See* CDC, *People with Certain Medical Conditions*, *supra.*

Mar. 17, 2021). With these vaccines, the abstract threat of COVID-19 is no longer commonly accepted as a justification for compassionate release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). This includes defendants with an underlying condition like obesity—even obesity comorbid with other conditions. *See United States v. Morel*, No. 10-CR-798 (PAC), 2021 WL 2821107, at *1 (S.D.N.Y. July 7, 2021) (motion for compassionate release denied where fully vaccinated defendant had hypertension, Lyme disease, high cholesterol, and obesity); *United States v. Johnson*, No. 94-CR-631 (PGG), 2021 WL 640054, at *5 (S.D.N.Y. Feb. 18, 2021) (motion for compassionate release denied where obese defendant, with a BMI between 31 and 33, had received a first vaccine dose and was expected to receive another in weeks). Now that Brown has received his first vaccine dose—and expects to receive his second dose soon—his chances of severe medical consequences that were unforeseen at the time of sentencing are greatly diminished. Although the menace of virus variants persists, the fact "[t]hat the vaccine does not eliminate *all* risk of infection . . . does not change the Court's conclusion." *United States v. Barnett*, No. 90-CR-913 (LAP), 2021 WL 3550217, at *3 (S.D.N.Y. Aug. 10, 2021) (emphasis in original) (internal citation omitted).

Nor do current conditions at FCI Schuylkill suggest Brown faces a greater risk of COVID-19 while in prison than outside it. *See Kosic*, 2021 WL 1026498 at *3. As of November 9, 2021, the prison had no active COVID-19 cases among its 1,109 inmates, and only

two staff cases.[8] Over two-thirds of the prison's inmates have received vaccines, further reducing the risk of major outbreaks in the future.[9] Thus, today, the conditions at FCI Schuylkill "do not present the level of risk that existed early in the COVID-19 pandemic." *United States v. Person*, No. 16-cr-0445 (TDC), 2021 WL 3634179, at *2 (D. Md. Aug. 17, 2021); *accord United States v. Holton*, No. 14-cv-6161 (CJS), 2021 WL 4525918, at *2 (W.D.N.Y. Oct. 4, 2021) (discussing FCI Schuylkill); *United States v. Davis*, No. 3:18-cr-00199-JMC-1, 2021 WL 3088046, at *3 (D.S.C. July 22, 2021) (same).

Brown also argues his rehabilitation in prison compels an early release. Brown has successfully completed a drug treatment program. *See* C.R. Mot. Ex. E (filed under seal). He works at the prison, takes classes there, and has begun to repay his restitution. *See id.* Ex. F (ECF No. 358-4); Ex. G (ECF No. 358-5); Ex. H (ECF No. 358-6); Supplemental Evaluation (ECF No. 361-1). Throughout, Brown has incurred zero disciplinary infractions. Yet while "the Court commends [Brown] for productively using his time in prison," Brown's rehabilitation is not "unusual" so much as it is expected. *United States v. Fiseku*, No. 15-CR-384-1 (PAE), 2020 WL 7695708, at *6 (S.D.N.Y. Dec. 28, 2020), *reconsideration denied*, 2021 WL 633103 (S.D.N.Y. Feb. 18, 2021). Even if Brown's rehabilitation were truly exceptional, it "alone cannot establish extraordinary and compelling reasons" for releasing him under the statute. *United States v. Paredes-Cordova*, No. S8 03-CR-987, 2021 WL 761849, at *6 (S.D.N.Y, Feb. 26, 2021) (citing *Brooker*, 976 F.3d at 237–38).

---

[8] *See* BOP, *COVID-19 Cases*, *supra*; BOP, *FCI Schuylkill*, https://www.bop.gov/locations/institutions/sch/ (last accessed Nov. 9, 2021).

[9] *See* BOP, *COVID-19 Cases*, *supra*.

Given his COVID-19 vaccination and the current conditions at FCI Schuylkill, Brown has not established extraordinary and compelling reasons to reduce his sentence. "For that reason alone, the motion must be denied." *Maldonado*, 2021 WL 639069 at *4.

**C. § 3553(a) Factors**

Without extraordinary and compelling reasons to reduce Brown's sentence, the Court need not address whether the § 3553(a) factors counsel against granting Brown's motion for compassionate release. *See, e.g.*, *McKay*, 2021 WL 807108 at *5. Yet even if Brown had established extraordinary and compelling reasons, the Court would still deny his motion because the § 3553(a) factors that were pertinent at Brown's sentencing remain unchanged.

## CONCLUSION

Brown's motion for compassionate release is **DENIED** without prejudice as to its renewal should his health or the conditions at FCI Schuylkill materially worsen. Exhibits C, E, and K to Brown's motion,[10] which contain his medical, drug treatment, and dental records, shall be maintained under seal. *See McKay*, 2021 WL 807108 at *4 n.8 (sealing medical records); *United States v. Dempsey*, No. 1:19-CR-368 (TNM), 2021 WL 2073350, at *5 (D.D.C. May 24, 2021) (sealing drug treatment records).

Dated: New York, New York
November 10, 2021

SO ORDERED

[signature]

HONORABLE PAUL A. CROTTY
United States District Judge

[10] These exhibits were not filed on the Court's ECF docket.